UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS FERGUSON,

    Plaintiff,

-vs-

                           Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC, and SANTANDER CONSUMER
USA INC. d/b/a CHRYSLER CAPITAL,

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Nicholas Ferguson (hereinafter "Plaintiff"), by

and through her undersigned counsel, for her cause of action against Defendants,

Equifax Information Services LLC (hereinafter "Equifax"); Experian Information

Solutions, Inc. (hereinafter "Experian"); Trans Union LLC (hereinafter "Trans

Union"); and Santander Consumer USA Inc. d/b/a Chrysler Capital (hereinafter

"SANTANDER") (hereinafter collectively "Defendants"), and in support thereof

respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. § 1681, *et seq*. and the Florida Consumer Collection Practices Act

("FCCPA") Fl. Stat. § 559.72 *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a natural person and resident of Pinellas County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through

its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19. SANTANDER is a corporation with its principal place of business in the State of Texas and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

20. SANTANDER is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21. SANTANDER furnished information about Plaintiff to Equifax, Experian and Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

22.    Plaintiff had an auto loan with Santander and insurance on the vehicle through non-party Geico.    Plaintiff made every payment on time. Santander financed the vehicle and also the GAP insurance for Plaintiff.

23.    On or about September 2024, Plaintiff's vehicle was flooded and declared a total loss during Hurricane Helene. Due to the damage, Geico paid approximately $10,000.00 of the balance and Plaintiff's GAP insurance was to cover the rest.  Plaintiff had GAP insurance and Santander was at all times aware of it.

24.    The GAP insurance provider, CARco (hereinafter "Carco") requested specific documents which Plaintiff provided and has evidence of providing. Additionally, Geico provided Plaintiff and CARco a letter confirming the vehicle was a loss and that there was no police report related to the loss (due to it being caused by water damage from the hurricane).

25.    Santander was aware that after the total loss, Plaintiff was no longer responsible for the balance.  Plaintiff provided all necessary evidence to Santander to be aware that Plaintiff did not owe any money.

26.    Even though Santander was aware the car was a total loss and that Plaintiff owed $0.00 on the loan, Plaintiff was shocked when he pulled his credit

6

reports on or about January 19, 2026, and saw the CRAs and Santander reporting that he was 90 days late and owed $7,810 on the loan.

27.   On or about February 17, 2016, mailed detailed written dispute letters via Certified USPS Mail to Experian (Tracking #9589071052702629253345), Equifax (Tracking #9589071052702629253352) and Trans Union (Tracking #9589071052702629253338). In said detailed letters Plaintiff provided his personal identifiable information as well as images of his driver's license and social security card to prove his identity. Plaintiff then include an image of the incorrect reporting and explained how the vehicle was a total loss and should be a $0 balance. He included the documents proving the vehicle was a total loss as well as images of his emails with Carco and showing where he provided them all the necessary documents showing the vehicle was a loss. Plaintiff requested that the Defendants correct their obvious mistake as the account should have a $0.00 balance.

28.   As of the filing of this complaint, Plaintiff has never received a response from any of the Defendants and on or about March 23, 2026, when he checked his credit reports again, all three 3 CRAs were continuing to report the false derogatory account.

7

29. Upon information and belief, the CRAs received these written letters alerting them as to their mistake.

30. Upon information and belief, the CRAs forwarded the request to SANTANDER to confirm if the account should be described with a $0.00 balance with no missed payments. Upon information and belief, SANTANDER had knowledge of the situation and should have been able to confirm the vehicle was a total loss and should be a $0.00 balance with no missed payments.

31. Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher. Equifax received all the information necessary to have determined that Plaintiff's account should not be derogatory and past due.

32. Equifax never attempted to contact Plaintiff during the alleged investigation.

33. Upon information and belief, Equifax notified SANTANDER of Plaintiff's dispute. However, SANTANDER failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

34. Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

Trans Union received all the information necessary to have determined that Plaintiff's account should not be derogatory and past due.

35.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

36.    Upon information and belief, Trans Union notified SANTANDER of Plaintiff's dispute. However, SANTANDER failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

37.    Upon information and belief, Experian failed to conduct a reasonable investigation and simply parroted information it received from the furnisher. Experian received all the information necessary to have determined that Plaintiff's account should not be derogatory and past due.

38.    Upon information and belief, Experian notified SANTANDER of Plaintiff's dispute. However, SANTANDER failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

39.    As of the filing of this Complaint, upon information and belief, Equifax, Experian, and Trans Union have failed to review or conduct a reasonable

investigation as to Plaintiff's disputes. The inaccurate reporting of the SANTANDER Account continues.

40. The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher, SANTANDER.

41. SANTANDER has not conducted a reasonable investigation despite Plaintiff's numerous pleas.

42. Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his dispute or otherwise make his credit file accurate. The Defendants continue to defame Plaintiff by reporting inaccurate delinquent payment behavior.

43. Had the Defendants conducted a reasonable investigation in response to Plaintiff's disputes, the results would have been different.

44. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

ii.  Loss of time and time take off from work in attempts to cure the errors;

iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv.  Reduction in credit score as the Defendants failed to properly investigate the disputed information;

v.  Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

vi.  Defamation and Plaintiff's information has been published to third parties including but not limited to MyFICO to calculate Plaintiff's credit score.

**CAUSES OF ACTION**

**COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

45.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

46.  Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

11

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47. Equifax allowed for a Furnisher, such as SANTANDER, to report inaccurate and erroneous account information to Plaintiff's credit file.

48. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

49. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

50. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

51. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

52.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

53.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

54.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

55.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

56.     Equifax allowed for a Furnisher, such as SANTANDER, to report inaccurate and erroneous account information to Plaintiff's credit file.

57.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

58.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

59.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

60.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

62.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

63.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

64.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information

15

submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66. Plaintiff provided Equifax with the information it needed to confirm the pay status and balance of the SANTANDER tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

67. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

69.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

70.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

71.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

72.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

73.    Plaintiff provided Equifax with the information it needed to confirm the pay status and balance of the SANTANDER tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

74.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

77.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

78.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.   Experian allowed for a Furnisher, such as SANTANDER, to report inaccurate and erroneous account information to Plaintiff's credit file.

80.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

81.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

82.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

83.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

84.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

85.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

86.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

87.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

88.    Experian allowed for a Furnisher, such as SANTANDER, to report inaccurate and erroneous account information to Plaintiff's credit file.

89.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

90.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

91.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

92.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

93.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

94.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

22

95.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

96.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

97.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

98.    Plaintiff provided Experian with the information it needed to confirm the pay status and balance of the SANTANDER tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

23

99.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

100.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

101.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

24

102.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

103.  After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

104.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

105.  Plaintiff provided Experian with the information it needed to confirm the pay status and balance of the SANTANDER tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

25

106. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

107. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

108. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Trans Union LLC (Negligent)**

109. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

110. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

111. Trans Union allowed for a Furnisher, such as SANTANDER, to report inaccurate and erroneous account information to Plaintiff's credit file.

112. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

113. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

114. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

115. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress,

anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

116. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

117. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

118. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

119. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

120. Trans Union allowed for a Furnisher, such as SANTANDER, to report inaccurate and erroneous account information to Plaintiff's credit file.

121. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

122. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

123. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

124. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

126.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

127.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

128.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

129. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

130. Plaintiff provided Trans Union with the information it needed to confirm the pay status and balance of the SANTANDER tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

131. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

132.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

133.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

160.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

161.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in

Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

162. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

163. Plaintiff provided Trans Union with the information it needed to confirm the pay status and balance of the SANTANDER tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

164. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

165.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

166.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Santander Consumer USA Inc. d/b/a Chrysler Capital**
**(Negligent)**

167.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

168.   SANTANDER furnished inaccurate account information to Equifax, Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

34

169. After receiving Plaintiff's disputes, SANTANDER violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

170. Plaintiff provided all the relevant information and documents necessary for SANTANDER to have identified that the account pay status and balance were erroneous.

171. SANTANDER knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

172. SANTANDER violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after it had been notified that the information it was furnishing was inaccurate.

173. As a direct result of this conduct, action, and/or inaction of SANTANDER, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the

35

stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

174. The conduct, action, and inaction of SANTANDER was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

175. Plaintiff is entitled to recover costs and attorney's fees from SANTANDER in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual damages against Defendant, Santander Consumer USA Inc. d/b/a Chrysler Capital; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Santander Consumer USA Inc. d/b/a Chrysler Capital (Willful)**

176. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

177. SANTANDER furnished inaccurate account information to Equifax, Experian, and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

178. After receiving Plaintiff's disputes, SANTANDER violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

179. Plaintiff provided all the relevant information and documents necessary for SANTANDER to have identified that the account pay status and balance were erroneous.

180. SANTANDER knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

181. SANTANDER violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and Trans Union after it had been notified that the information it was furnishing was inaccurate.

182. As a direct result of this conduct, action, and/or inaction of SANTANDER, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

183. The conduct, action, and inaction of SANTANDER was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

184. Plaintiff is entitled to recover costs and attorney's fees from SANTANDER in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Santander Consumer USA Inc. d/b/a Chrysler Capital; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to

**Defendant, Santander Consumer USA Inc. d/b/a Chrysler Capital (Willful)**

185.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

186.   SANTANDER violated Florida Statutes § 559.72(9) by attempting to collect a debt it knew or had reason to know was not legitimate.

187.   SANTANDER had all the information it needed to determine that the debt was reporting incorrectly and that no balance was owed, yet continued to attempt to collect on the false balance.

188.   As a result of the conduct, action and inaction of SANTANDER, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment and humiliation and the damages otherwise outlined in this Complaint.

189.   Plaintiff is entitled to recover actual, statutory, compensatory and punitive damages from SANTANDER pursuant to the FCCPA.

190.   Plaintiff is entitled to recover reasonable attorney's fees and costs from SANTANDER in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award actual, statutory, compensatory and punitive damages against

Defendant, Santander Consumer USA Inc. d/b/a Chrysler Capital; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nicholas Ferguson, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC; and Santander Consumer USA Inc. d/b/a Chrysler Capital, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of March, 2026.

Respectfully submitted,

***/s/Frank H. Kerney, III.***
Frank H. Kerney, III, Esq.

40

Florida Bar #:88672
Tennessee Bar #: 035859
Cell: (813)951-8278
Facsimile: (844)951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*


**/s/ Octavio Gomez**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com